

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-30028-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING MOTION TO |
| JASON LONG, | * | DISMISS |
| Defendant. | * | |

## I. INTRODUCTION

Defendant Jason Long ("Long") has filed a Motion to Dismiss Count II and Count III of the Superseding Indictment, Doc. 75, arguing that the analog provision of the Controlled Substances Act ("the analog provision"), 21 U.S.C. § 813, and its accompanying definitional statute, 21 U.S.C. § 802(32), are unconstitutionally vague as applied. The Government opposes the motion. Doc. 84. For the reasons stated below, Long's Motion to Dismiss is denied.

## II. BACKGROUND

Counts II and III of the Superseding Indictment allege that Long, on two separate occasions, possessed with the intent to distribute "XLR-11, a Schedule I controlled substance analog as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, in violation of 21 U.S.C. §§ 841(a)(1) and 846." Doc. 50. Count III also alleges a violation of 18 U.S.C. § 2. Doc. 50. The Superseding Indictment does not allege to which controlled substance XLR-11 is allegedly analogous, but the parties agree that the Government's case hinges on whether XLR-11 is an analog of a controlled substance called JWH-018. See Doc. 76 at 2; Doc. 84 at 5-6. Long does not contend that the Superseding Indictment is insufficient or vague for not alleging that XLR-11 is an alleged analog

of JWH-018.

On July 9, 2012, JWH-018 was added to the schedule of controlled substances as a Schedule I substance as a result of the enactment of the Synthetic Drug Abuse Prevention Act of 2012.[1] United States v. Carlson, No. 12-305(DSD/LIB), 2013 WL 5125434, at *13-14 (D. Minn. Sept. 12, 2013); see also 21 U.S.C. § 812(d)(2)(B)(iii). Both parties have filed notices of intent to use expert witnesses to address whether XLR-11 is an analog of JWH-018. See Doc. 81 (Government's notice of intent to use expert to testify that XLR-11[2] is substantially similar in structure and pharmacologic effect to JWH-018 such that it can be considered its analog); Doc. 95 (Long's notice of intent to use expert to testify that XLR-11 is not substantially similar and is not an analog to JWH-018).

## III. DISCUSSION

Congress enacted the analog provision of the Controlled Substances Act to prohibit the distribution of newly created drugs fabricated by innovative drug manufacturers altering slightly the chemical structure of existing controlled substances while retaining the intoxicating effects of the precursor controlled substance. United States v. McKinney, 79 F.3d 105, 107 (8th Cir. 1996), vacated on other grounds 520 U.S. 1226 (1997); see also United States v. Klecker, 348 F.3d 69, 70 (4th Cir. 2003) ("Congress enacted the Analog Act to prevent underground chemists

---

[1] The Synthetic Drug Abuse Prevention Act of 2012 was included in the Food and Drug Administration Safety and Innovation Act of 2012. Carlson, 2013 WL 5125434, at *13-14.

[2] After Long was indicted, the Drug Enforcement Administer temporarily scheduled XLR-11 pursuant to its temporary scheduling power under the Controlled Substances Act, 21 U.S.C. §811(h). Schedules of Controlled Substances: Temporary Placement of Three Synthetic Cannabinoids Into Schedule I, 78 Fed. Reg. 28735-01 (May 6, 2013) (to be codified at 21 C.F.R. pt. 1308).

2

from altering illegal drugs in order to create new drugs that are similar to their precursors in effect but are not subject to the restrictions imposed on controlled substances."). The analog provision is necessarily elastic "because it is intended to capture within its scope drugs that are not specifically listed and even some that perhaps have not been discovered yet." McKinney, 79 F.3d at 108. The analog provision defines a "controlled substance analog" as:

> a substance--
>
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A). The statute is to be read in the conjunctive, such that a substance meets the statutory definition of a "controlled substance analog" if it satisfies part (i) and either part (ii) or part (iii). See e.g., United States v. Washam, 312 F.3d 926, 930 n.2 (8th Cir. 2002). "[S]ubstances satisfying the definition of a 'controlled substance analog' may be regulated as controlled substances even though they are not formally classified as such under federal law." United States v. Turcotte, 405 F.3d 515, 520 (7th Cir. 2005); see also 21 U.S.C. § 813.

### A. Challenge to the Sufficiency of the Evidence

Long first argues that application of the analog provision to XLR-11 does not satisfy due process requirements because "XLR-11 cannot be, as a matter of law, a controlled substance

analog as the overwhelming weight of opinion in the scientific community is that the chemical structure of XLR-11 is not substantially similar to the chemical structure of JWH-018." Doc. 76 at 2-3. Long's argument essentially is a challenge to the sufficiency of the evidence supporting the degree of similarity between the two substances' chemical structures. Whether a substance's chemical structure is sufficiently similar to the chemical structure of a controlled substance to be considered an analog is a question of fact to be decided by a jury. See Turcotte, 405 F.3d at 526-27 ("A substance's legal status as a controlled substance analogue is not a fact that a defendant can know conclusively ex ante; it is a fact that the jury must find at trial (applying the three clauses of the Analogue Provision)."); United States v. Ansaldi, 372 F.3d 118, 123 (2nd Cir. 2004) (noting "reasonable juries can disagree" about whether a substance is a controlled substance analog); Klecker, 348 F.3d at 72 ("Whether a particular substance qualifies as a controlled substance analog is a question of fact."); United States v. Fedida, 942 F. Supp. 2d. 1270, 1272-73 (M.D. Fla. 2013) (stating that whether two chemical structures are "substantially similar" is a question for the jury which must be determined by a jury and may be challenged by a motion for judgment of acquittal); United States v. Sullivan, No. 4:11CR3034, 2011 WL 3957425, at *2 (D. Neb. Aug. 17, 2011) ("Whether the chemical structures of these substances are 'substantially similar to the chemical structure' of a schedule I or II controlled substance is an issue of fact to be resolved at trial."). Federal criminal procedure rules do not provide an avenue for a defendant to make a pretrial challenge to the sufficiency of the evidence, so long as the indictment is facially sufficient. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001). To that end, a district court errs procedurally when it takes up a sufficiency of the evidence challenge prior to trial because "[t]he government is entitled to marshal and present its

4

evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29[.]" Id. (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3rd Cir. 2000)).

Long does not contend that the indictment is insufficient. His argument for dismissal—that XLR-11 is not "substantially similar" to, and thus is not an analog of, JWH-018—is an argument for the jury and does not justify dismissal. After the Government's case-in-chief, Long may move for a judgment of acquittal pursuant to Rule 29 if he believes the Government has not established that XLR-11 is substantially similar to JWH-018.

The case that Long cites for support of his argument that XLR-11 is not substantially similar as a matter of law to JWH-018 is The Smoke Shop, LLC v. United States, 949 F. Supp. 2d 877 (E.D. Wis. 2013), in which a district court stated "the overwhelming weight of opinion in the scientific community is that the chemical structures of UR-144 and XLR-11 are not substantially similar to the chemical structure of JWH-018[.]" Id. at 879. At least one other court has criticized The Smoke Shop's factual conclusions because the court "did not cite any journal articles or provide any reasoning for its conclusion . . . ." United States v. Riley, No. 2:12-CR-00478-JAD-VCF, 2014 WL 537013, at *6 (D. Nev. Feb. 7, 2014); see also Carlson, 2013 WL 5125434, at *30 n.33 (declining to follow The Smoke Shop and stating that its statement that the two substances are not substantially similar was dicta). Other courts have observed that "in the criminal context, a motion to dismiss is not a proper vehicle to dispute a substance's analogue status." United States v. $2,200,000 in U.S. Currency, No. ELH-12-3501, 2014 WL 1248663, at *10 (D. Md. Mar. 26, 2014) (discussing Klecker, 348 F.3d at 72); see also Fedida, 942 F. Supp. 2d at 1272-73; Sullivan, 2011 WL 3957425, at *1. The district court in The

5

Smoke Shop was not dealing with an indictment. 949 F. Supp. 2d at 878-79. Rather, the court in The Smoke Shop was ruling on a motion for return of property after the Government seized substances containing XLR-11, but had not charged a criminal offense and refused to return the seized property. 949 F. Supp. 2d at 878. By contrast, Long has been indicted for possession with intent to distribute XLR-11, the indictment alleges XLR-11 is a controlled substance analog, and the Government has come forward with expert opinions that XLR-11 is an analog of JWH-018.

### B. Whether the Substantial Similarity Requirement is Unconstitutionally Vague

Next, Long argues that even if this Court refuses to conclude that the substances are not "substantially similar" as a matter of law, the analog provision's "substantially similar" requirement is too vague to satisfy due process. "The Fifth Amendment guarantees every citizen the right to due process. Stemming from this guarantee is the concept that vague statutes are void." United States v. Birbragher, 603 F.3d 478, 484 (8th Cir. 2010) (quoting Washam, 312 F.3d at 929). "The vagueness doctrine recognizes that '[a] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'" Id. (quoting Washam, 312 F.3d at 929). Voiding a statute for vagueness is a recognition that "criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." Id. at 484-85 (quoting Washam, 312 F.3d at 929). Laws must provide "the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" and should not "trap the innocent by not providing fair warning." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the

incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." United States v. Williams, 553 U.S. 285, 306 (2008). Vagueness challenges like the one Long makes are evaluated in light of the facts of the particular case. United States v. Mazurie 419 U.S. 544, 550 (1975).

To determine whether a statue is unconstitutionally vague, courts apply a two-part test. Skilling v. United States, 130 S. Ct. 2896, 2933 (2010); see also Kolender v. Lawson, 461 U.S. 352, 357 (1983). "First, the statute must provide adequate notice of the proscribed conduct." Washam, 312 F.3d at 929 (citing Kolender, 461 U.S. at 357). "Second, the statute must not lend itself to arbitrary enforcement." Id. (citing Kolender, 461 U.S. at 358). Long faces an uphill battle in arguing that the analog provision is void for vagueness; circuit court of appeals have held unanimously that the analog provision is not unconstitutionally vague, albeit when substances other than XLR-11 and JWH-018 were at issue. See Turcotte, 405 F.3d at 531-32 (collecting cases).

Long argues that the analog provision does not provide him fair notice that XLR-11 could be considered an analog to JWH-018 because according to Long, "there is no consensus in the scientific community, either as to methodology or as to the core question of whether XLR-11 is substantially similar to JWH-018." Doc. 76 at 4. This argument has been rejected by the United States Court of Appeals for the Eighth Circuit in cases involving different substances than those presented here. See Washam, 312 F.3d at 929-31; McKinney, 79 F.3d at 107-08. In McKinney, the defendant argued that the analog provision was unconstitutionally vague because experts disagreed as to whether the alleged analog's chemical structure was substantially similar to an existing controlled substance. 79 F.3d at 107-08. The Eighth Circuit held that the analog

7

provision provided defendants adequate notice because "a reasonable layperson could . . . have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structure of two substances were substantially similar." Id. at 108. Expert reports in Long's case include chemical diagrams of both XLR-11 and JWH-018, Doc. 81-4; Doc. 95-2, and those structures appear to be similar enough for a reasonable observer to conclude that XLR-11 could be considered an analog of JWH-018, although whether the Government proves that beyond a reasonable doubt of course is a jury question. The Eighth Circuit subsequently has reaffirmed McKinney's holding, See Washam, 312 F.3d at 929-30 (holding that "unanimous expert ratification" is not needed to provide adequate notice), and other circuit courts of appeals have ruled similarly, See Ansaldi, 372 F.3d at 124 (holding that because the chemical structure of the alleged analog differed from that of a controlled substance by only a few atoms, the defendants had "sufficient warning" that the substance was an analog and distribution for human consumption was illegal); Klecker, 348 F.3d at 72 ("Although there are important differences between Foxy and DET, the similarities in their structures would put a reasonable person on notice that Foxy might be regarded as a DET analogue, particularly if that person intended (as Klecker plainly did) that Foxy be ingested as a hallucinogen."); see also Carlson, 2013 WL 5125434, at *27; United States v. Lane, No. CR-12-01419-DGC, 2013 WL 3199841, at *7 (D. Ariz. June 24, 2013).

In light of that precedent, the analog provision provided Long adequate notice that his conduct could be considered a criminal offense. Long could have examined the chemical structures for XLR-11 and JWH-018 and concluded, even with their differences, that XLR-11 may be regarded as an analog to JWH-018. See Klecker, 348 F.3d at 72; McKinney, 79 F.3d at

8

108. The fact that experts apparently disagree as to the degree of similarity between these substances does not render the analog act unconstitutional as applied. "[T]he law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree." McKinney, 79 F.3d at 108 (quoting Nash v. United States, 229 U.S. 373, 377 (1913)); see also United States v. Niemoeller, No. IP 02-09-CR-1H/F, 2003 WL 1563863, at *4 (S.D. Ind. Jan. 24, 2003) (stating that the analog provision's key concepts "may not provide absolute certainty in every case in which a person seeks to experiment in reaching the outermost boundaries of lawful conduct, but that is not the standard for due process"). A disagreement regarding the degree of similarity between a controlled substance and its alleged analog, as the experts for Long and the Government have, is for the jury to decide.

In addition to the terms of the statute and the Eighth Circuit precedent addressing vagueness challenges to the analog provision, a second reason justifies the conclusion that Long has been provided constitutionally adequate notice. To convict Long of possession of a controlled substance analog with the intent to distribute, the Government will have to prove, among other elements, that Long knew he was in possession of a controlled substance analog. United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013). "[S]cienter requirements alleviate vagueness concerns." Gonzales v. Carhart, 550 U.S. 124, 149 (2007); see also Colautti v. Franklin, 439 U.S. 379, 395 (1979) ("This Court has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of *mens rea*."); cf. Stahl v. City of St. Louis, 687 F.3d 1038, 1041 (8th Cir. 2012) ("This due process and fair notice infirmity is further demonstrated by the ordinance's lack of a mens rea requirement[.]"). Because the analog provision contains a scienter requirement that

9

the defendant know the substance was an analog, "due process concerns about notice are 'ameliorated' . . . ." Turcotte, 405 F.3d at 531 (quoting Hill v. Colorado, 530 U.S. 703, 732 (2000)).

Long cites to United States v. Forbes, 806 F. Supp. 232 (D. Colo. 1992), to support his argument. Forbes is not highly persuasive in light of the Eighth Circuit precedent on this issue and Forbes's facts differ from Long's case. Forbes concerned a substance, a drug called AET, that Government experts could not agree to be substantially similar to the controlled substance, that had been available for purchase commercially without restrictions for thirty years, and that the Government had declined to prosecute the defendant on previously despite opportunities to do so. Id. at 233-35, 237. The court in Forbes concluded that while the "'substantially similar' language may be generally susceptible to adequate definition, it runs afoul of the vagueness doctrine when it is applied to AET under the circumstances of this case." Id. at 237. Here, however, there was no evidence presented that XLR-11 has long been commercially available, that the Government's expert testimony conflicts on it being a controlled substance analog, or that the Government passed on opportunities to prosecute Long on such a charge previously. Moreover, Forbes determined that the analog provision did not contain a scienter requirement, Id. at 238, which is inconsistent with Eighth Circuit caselaw, See Sullivan, 714 F.3d at 1107. While the circuit courts of appeals have unanimously rejected the argument that the analog provision is unconstitutionally vague, Forbes represents the "one contrary precedent[.]" Turcotte, 405 F.3d at 532. This Court agrees with the United States Court of Appeals for the Seventh Circuit that Forbes is "instructive so far as it goes[,]" but ultimately is distinguishable from the circumstances presented here. Id.

Long also argues that the analog provision is impermissibly vague because it does not prevent arbitrary enforcement. Doc. 76 at 3. "Congress must provide minimal requirements to guide law enforcement in order to prevent police officers, prosecutors, and juries from pursuing their 'personal predilections.'" Washam, 312 F.3d at 931 (quoting Kolander, 461 U.S. at 358).

> It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government.

Birbragher, 603 F.3d at 489 (quoting United States v. Reese, 92 U.S. 214, 221 (1875)).

In Washam, the Eighth Circuit rejected the defendant's argument that the analog act was able to be arbitrarily enforced. 312 F.3d at 932. Because "the statute itself requires a two-step inquiry before law enforcement may extend its application to a new chemical" and because the statute sets forth specific requirements that the Government must prove before criminalizing the distribution of a controlled substance analog, the statute in reality is "narrowly drawn to proscribe only those chemicals which are dangerous and intended to be used in an illegal manner." Id. The United States Court of Appeals for the Fourth Circuit similarly concluded that "[t]he requirement of preventing arbitrary enforcement is easily satisfied" when applied to a vagueness challenge to the analog provision. Klecker, 348 F.3d at 71. The Fourth Circuit in Klecker also concluded that the analog provision's intent requirement was sufficient to defeat "any vagueness challenge based on the potential for arbitrary enforcement." Id. Long's argument that the analog provision is so vague that it lends itself to arbitrary enforcement is not persuasive.

## IV.  CONCLUSION

11

For the foregoing reasons, it is hereby

ORDERED that Long's Motion to Dismiss Count II and Count III of Superseding Indictment, Doc. 75, is denied.

Dated April 25th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE